[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. Trial was commenced before the undersigned on August 20 and continued on August 23, 1993. The parties appeared on November 3, 1993 to continue with the evidence and reached a partial agreement. The court has approved the parties' agreement and finds it to be fair and equitable under all of the circumstances.
The court has made the following findings:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. The marriage of the parties has broken down irretrievably.
4. The court makes no finding with respect to fault for the breakdown of the marriage.
5. There is an arrearage on the pendente lite orders as follows: support $359.00, medical $425.00, dental $85.00.
The court enters the following orders:
1. A decree of dissolution of marriage shall enter upon the complaint on the grounds of irretrievable breakdown of the marriage. CT Page 9926
2. There shall be joint legal custody of the minor child Elizabeth, born April 10, 1985. The child's principal residence shall be with the plaintiff. The defendant shall have reasonable rights of visitation upon reasonable notice.
3. The defendant shall pay child support in the amount of $170.00 per week to the plaintiff by way of child support, such child support to terminate upon the earliest to occur of the following events: the death of either of the parties, the death of the child, the eighteenth birthday of the child, the date of earlier emancipation of the child, or the date the child is no longer residing principally with the plaintiff. An immediate order for wage withholding shall issue to secure the order for support.
4. The defendant shall maintain medical, hospital and dental insurance for the minor child. The current cost to the defendant of such coverage is $26.95 per week. If there is a substantial change in the cost of such coverage, the court retains jurisdiction to enter orders modifying this order. Should the plaintiff have employment providing medical, hospital and dental insurance for the minor child without cost to her, the plaintiff shall maintain such medical and hospital insurance for the benefit of the minor child in lieu of the defendant's obligation set forth herein.
 The plaintiff shall have the benefit of the provisions of 46b-84(c) of the General Statutes.
 Any uninsured or unreimbursed medical, hospital or dental expenses incurred for the minor child shall be shared equally by the parties. Any medical expenses to be incurred for the minor child of a non emergency nature in excess of $250.00 shall not be incurred except with the defendant's consent, which consent shall not be unreasonably withheld.
5. The parties shall share the dependency exemption for the minor child. The defendant shall have the dependency exemption for the years 1993, 1994 and 1995. The plaintiff shall have the dependency exemption for the years 1996, 1997 and 1998. Thereafter, the dependency exemption shall be alternated, the defendant first and then the plaintiff, etc. The parties shall cooperate in executing the necessary forms to effectuate the foregoing. CT Page 9927
6. The defendant shall pay alimony to the plaintiff in the amount of $115.00 per week. For a period of two years from this date, the defendant shall pay said sums which shall be paid by an immediate order for wage withholding. For a period of two years thereafter the defendant shall pay alimony to the plaintiff in an amount of $1.00 per year. Alimony shall terminate, if it has not earlier terminated, at that point and shall be non modifiable as to term. Alimony shall terminate also upon the first to occur of the following events: the death of either of the parties, the plaintiff's remarriage, or her cohabitation in accordance with 46b-86(b) of the General Statutes.
7. The defendant shall provide life insurance through his employment in the amount of $50,000.00 designating the minor child as irrevocable beneficiary thereof for so long as he is obligated to pay support. Proof of the maintenance of such policy and designation of beneficiary shall be supplied to the plaintiff as soon as available to the defendant from his employer and, in the future, upon reasonable request addressed to the defendant by the plaintiff.
8. The defendant shall pay to the plaintiff forthwith the arrearages totaling $869.00 previously found by the court.
9. The real property at 26 Hillside Lane in Monroe, Connecticut shall be wholly the plaintiff's free of any claim or demand by the defendant, and she shall be responsible for the outstanding first and second mortgages upon said property from and after the date hereof and shall indemnify and hold harmless the defendant upon any claim or demand thereon except for any past due amounts which are treated as hereinafter set forth (see number 18), or on any other claim or expense relating to said real property. The defendant shall release any lis pendens previously filed in this action.
10. The defendant shall receive no alimony from the plaintiff.
11. Those other assets listed on the plaintiff's financial affidavit shall be hers free of any claim or demand by the defendant.
12. Those other assets listed on the defendant's financial affidavit shall be his free of any claim or demand by the CT Page 9928 plaintiff.
13. The defendant's pension shall be wholly his free of any claim or demand by the plaintiff.
14. The plaintiff's IRA shall be wholly hers free of any claim or demand by the defendant.
15. The tangible personal property of the parties shall be divided as they shall agree. In the event there is any dispute or disagreement in this regard, the parties are referred to Family Relations for resolution of such disputes or differences. If the parties still are unable to agree, they shall return to court for further orders.
16. Each party shall be responsible for the liabilities set forth in her or his financial affidavit and each party shall indemnify and hold harmless the other party from any claim or demand thereon.
17. Each party shall pay her or his own attorney's fees in this proceeding.
The parties were unable to agree upon whom should be responsible for the outstanding arrearage of payments on the second mortgage. On July 30, 1992, the court entered pendente lite orders pursuant to a signed stipulation of the parties. That stipulation provided that the defendant shall pay the second mortgage in the monthly amount of $883.00 and take all reasonable efforts to bring said second mortgage current. Payments for June, July, August, September and October were not made by the defendant, and this mortgage is now in foreclosure. The amount due as of the end of October is $6,089.11, which includes attorney's fees, interest and late charges. The amount currently due would be higher by reason of further interest charges. The plaintiff testified that she paid two months of the second mortgage.
It is the defendant's position that, because the plaintiff failed to join with him in filing a joint income tax return for 1992, he has had to pay $4,500.00 more than he would have had to pay on his 1992 tax return. He believes, therefore, that the plaintiff should pay to make the second mortgage current or that the amount to forestall the foreclosure ought to be adjusted between the parties. CT Page 9929
There was no way the court could require that the plaintiff file a joint tax return. See Kane v. Parry, 24 Conn. App. 307
(1991). The defendant has been ordered in the pendente lite orders of the court to pay the second mortgage. He has failed to do so. He is therefore, obligated to make those payments and is responsible for those charges and interest flowing from his failure to pay. This is not in the nature of alimony but, rather, an obligation existing from the pendente lite orders. Paragraph 18 of the court's orders, therefore, are as follows:
18. The defendant shall take those steps necessary to reinstate the second mortgage by making those payments necessary for reinstatement and to cause the mortgage foreclosure action to be withdrawn. Such action by the defendant shall be taken forthwith.
Judgment shall enter in accordance with the foregoing orders.
EDGAR W. BASSICK, III, JUDGE